IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY L. HOGE, JR.,

    Plaintiff,

v.

SUSAN WASHBURN, et al.,

    Defendants.

Case No. 2:23-cv-00128-JR

ORDER

HERNÁNDEZ, Judge

Plaintiff, an adult in custody at the Eastern Oregon Correctional Institution ("EOCI") brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the Court is plaintiff's Motion for Preliminary Injunction (ECF No. 32). For the reasons that follow, the Court denies plaintiff's Motion.

## BACKGROUND

In his Second Amended Complaint, plaintiff alleges defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by their deliberate indifference to his serious medical needs in the form of back pain and injuries suffered in a fall while working in the EOCI kitchen. By way of remedy, plaintiff seeks money damages and "injunctive relief." Plaintiff does not identify the specific injunctive relief sought.

In his Motion for Preliminary Injunction, plaintiff asserts that his lower back pain is getting worse, causing serious pain, and numbness in his legs. Plaintiff seeks relief in the form of an order requiring defendants to immediately do the following:

    (1) prescribe non-opioid pain medication for plaintiff's pain, (medline times 3x a day)

1 - ORDER

      (2) orthopedic back/spine specialist (treat & evaluation) (other than defendant Dr. Warren Roberts).

Defendants object to plaintiff's motion. They contend the motion is duplicative of other pending litigation plaintiff filed earlier in a state habeas corpus proceeding, and that plaintiff has not established he is entitled to mandatory preliminary injunctive relief in this case.

## LEGAL STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Importantly, and particularly relevant to this case, a request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of Southern. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994). Finally, where an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

2 - ORDER

## DISCUSSION

On March 7, 2022, plaintiff filed a state petition for writ of habeas corpus pursuant to Or. Rev. Stat. § 34.310-34.730 in Umatilla County Circuit Court Case No. 22CV08071 alleging claims related to the same kitchen fall and subsequent medical care which are the subject of this action.[1] Def. Resp. to Motion for Pre. Inj., ECF No. 34, Exh. 1.[2] In the Umatilla County case, where he is represented by counsel, plaintiff asks the court to enter specific injunctive relief "including: a) completion of the approved right shoulder MRI; b) an in-person consultation with Dr. Carpenter for a comprehensive evaluation of plaintiff's ongoing shoulder and back pain; c) all recommended treatment, including surgical intervention, based on Dr. Carpenter's medical evaluation and review of the right shoulder MRI; d) a wedge pillow; and e) consultation with a pain management specialist." Def. Resp. to Motion for Pre. Inj., ECF No. 34, Exh. 2.

As noted, in the present action, plaintiff's Amended Complaint does not specify the injunctive relief sought. Moreover, plaintiff does not seek relief from this Court to cease any medical treatment he is being provided, nor has he established that any treatment he is receiving is likely to cause him harm, let alone irreparable damage.

---

[1] These statutes provide adults in custody an avenue for quick injunctive relief when they "[s]tate facts in support of a claim that the person is deprived of a constitutional right that requires immediate judicial attention and for which no other timely remedy is practicably available to the plaintiff." Or. Rev. Stat. § 34.362(2); *see also Moore v. Peterson*, 91 Or.App. 616 (1988) (habeas corpus is the proper procedure for addressing claims of inadequate medical care, because prompt medical attention may be necessary to avoid irreparable harm).

[2] The Court take judicial notice of the pleadings filed in plaintiff's state habeas corpus action as submitted by defendants in response to plaintiff's motion. *See Coultas v. Payne*, No. 3:11-cv-45-AC, 2015 WL 5920645, at *3 (D. Or. Oct. 9, 2015) ("'The court may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.'") (quoting *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012)).

3 - ORDER

Instead, plaintiff alleges the care he is currently receiving is inadequate and seeks an order requiring defendants to provide additional specific care in the form of non-opioid pain medication and treatment and evaluation by an orthopedic specialist other than ODOC Medical Director Dr. Roberts.

To prevail on an Eighth amendment medical care claim brought in a 42 U.S.C. § 1983 action, a plaintiff must establish that defendants were deliberately indifferent to his serious medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2006); *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety;" a difference of medical opinion between doctors does not amount to deliberate indifference to a plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Likewise, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under § 1983. *Sanchez*, 891 F.2d at 242.

Plaintiff submitted a portion of his medical records as an exhibit to his motion. The records indicate that plaintiff is receiving consistent, multifaceted care for his medical conditions. Plaintiff's disagreement with this course of treatment does not rise to the level of a likelihood of success on the merits or the likelihood of irreparable harm sufficient to warrant the extraordinary relief of a mandatory preliminary injunction dictating that plaintiff receive different or additional treatment. Accordingly, plaintiff's motion is denied, without prejudice to his right to continue to seek the specific injunctive relief sought in his pending state habeas case.

## CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction (ECF No. 32) is DENIED.

IT IS SO ORDERED.

DATED this __12__ day of February 2024.

*Marco Hernández*

Marco A. Hernández
United States District Judge